# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| 3M COMPANY,<br><br>                Plaintiff,<br><br>vs.<br><br>IVOCLAR VIVADENT AG and<br>IVOCLAR VIVADENT, INC.,<br><br>                Defendants. | Civil No.<br><br>**COMPLAINT<br>FOR DECLARATORY JUDGMENT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff 3M Company ("3M") seeks a declaratory judgment that they do not infringe any valid claim of United States Patent No. 5,936,006, entitled "Filled and Polymerizable Dental Material," which issued on August 10, 1999 ("the '006 patent"). 3M also seeks a declaratory judgment that the claims of the '006 patent are invalid. A copy of the '006 patent is attached to this complaint as Exhibit A.

## PARTIES, JURISDICTION, AND VENUE

1. Plaintiff 3M is a corporation organized and existing under the laws of the state of Delaware, with its principal place of business at 3M Center, St. Paul, MN 55133.

2. On information and belief, Defendant Ivoclar Vivadent AG ("Ivoclar AG") is a company organized and existing under the laws of the Principality of Liechtenstein, with a principal place of business at Bendererstrasse 2, FL-9494 Schaan.

1

3. On information and belief, Defendant Ivoclar Vivadent, Inc. ("Ivoclar, Inc.") is corporation organized and existing under the laws of the state of Delaware, with its principal place of business at 175 Pineview Drive, Amherst, NY 14228.

4. On information and belief, Defendant Ivoclar AG is the assignee of the '006 patent.

5. On information and believe, Defendant Ivoclar, Inc. is a subsidiary of Ivoclar AG and is the exclusive licensee of the '006 patent.

6. This action arises under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202, and the patent laws of the United States, 35 U.S.C. §§ 101, *et. seq*.

7. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

8. This Court has personal jurisdiction over Ivoclar AG pursuant to Minn. Stat. § 543.19 because Ivoclar AG transacts business in Minnesota. Ivoclar AG has continuous and systematic contacts with Minnesota, including intentionally directing its products for sale into the state of Minnesota and maintaining distributor relationships in the state of Minnesota for the sale of its products.

9. This Court has personal jurisdiction over Ivoclar, Inc. pursuant to Minn. Stat. § 543.19 because Ivoclar, Inc. transacts business in Minnesota. Ivoclar, Inc. has continuous and systematic contacts with Minnesota including involvement in the distribution of Ivoclar AG products in the state of Minnesota.

10. On the North American Operations section of Ivoclar AG's website, Ivoclar AG states "The company's headquarters are located in Schaan, in the Principality of

Liechtenstein. From here, the company supplies its products to more than 120 countries around the world via a strong global presence made possible through local subsidiaries and branch offices." A true and correct copy of this website is attached hereto as Exhibit B.

11. On its website, Ivoclar AG maintains a list of "Dental Dealers" that market and distribute its products throughout the United States. Among the Dental Dealers listed there is Patterson Dental, located at 1031 Mendota Heights Road, St. Paul, MN, 55120. A true and correct copy of this website is attached hereto as Exhibit C.

12. Patterson Dental and Ivoclar, Inc. jointly market Ivoclar AG products in Minnesota. For example, a joint marketing brochure published by Patterson Dental and Ivoclar, Inc. is attached hereto as Exhibit D.

13. On information and belief, Ivoclar, Inc. has or does maintain an address at 4165 Xenwood Ave. S., Minneapolis, MN 55416-3120.

14. Ivoclar AG and Ivoclar Inc. have directed Ivoclar products for sale into the state of Minnesota. For example, attached hereto as Exhibit E is an invoice from Patterson Dental to 3M showing the sale of multiple Ivoclar AG products to 3M in the state of Minnesota.

15. Market data compiled by Strategic Dental Marketing ("SDM"), shows that in 2010 at least $887,000 worth of Ivoclar AG products were distributed in the state of Minnesota. For the first three quarters of 2011, SDM data shows that at least $685,000 worth of Ivoclar AG products were distributed in the state of Minnesota. Screen shots of SDM market data for 2010 and 2011 are attached hereto as Exhibit F. On information

and belief, SDM does not track all categories of Ivoclar AG products sold in the state of Minnesota, and in total, sales of Ivoclar AG products in the state of Minnesota have exceeded $1,000,000 in each of 2010 and 2011.

16. Venue is proper in this Court under 28 U.S.C. §§ 1391 and 1400.

## FACTUAL BACKGROUND

17. 3M sells products for use in dental applications, including 3M ESPE Filtek™ Supreme products. The 3M ESPE Filtek™ Supreme products will be referred to in this Complaint as "the Threatened 3M Products."

18. 3M brings this declaratory judgment action because Ivoclar AG and Ivoclar, Inc. have engaged in a series of acts that create a real, concrete dispute between the parties and constitute a clear threat that Ivoclar AG and Ivoclar, Inc. will sue 3M for infringement of the '006 Patent based on 3M's manufacture, sale, and use of the Threatened 3M Products. These affirmative acts by Ivoclar AG and Ivoclar, Inc. create a case or controversy between the parties. 3M need not risk a suit for infringement by continuing to engage in the manufacture, sale, and use of the Threatened 3M Products without seeking a declaration of its legal rights.

19. On October 13, 2011, Ivoclar AG's Head of Patent Department, Mr. Frank M. Kretschmar, sent a letter to Ms. Pamela L. Stewart, Intellectual Property Counsel at 3M Innovative Properties Company. Mr. Kretschmar wrote: "We would also like to refer you to our US Patent, 5,936,006 . . . . Based on our analysis it appears that the previously mentioned 3M ESPE products would infringe our granted German patent and the pending US patent."

20. Ivoclar AG has filed suit against 3M in Germany alleging infringement of German Patent No. 196 17 931, which patent is related to the '006 patent.

21. On or about November 1, 2011, 3M and Ivoclar AG entered into an agreement whereby Ivoclar AG agreed "that it will not bring a suit for infringement of IVOCLAR Patent Rights against 3M." "IVOCLAR Patent Rights" was defined in the agreement as including the '006 patent.

22. On or about November 30, 2011, Ivoclar AG and Ivoclar, Inc. representatives met with 3M representatives by telephone. During that meeting, Ivoclar representatives stated that Ivoclar AG was rescinding its agreement not to file suit against 3M based on the IVOCLAR Patent Rights.

23. Ivoclar AG's and Ivoclar, Inc.'s statements in the October 13, 2011 letter and on the November 30, 2011 telephone call create an actual case or controversy with 3M concerning the '006 Patent and 3M's past and current manufacture, sale, and use of the Threatened 3M Products.

24. Ivoclar AG's and Ivoclar, Inc.'s threatened litigation relating to the '006 Patent and the Threatened 3M Products has caused real and concrete injury to 3M, and threatens immediate future injury to 3M, for at least the following reasons: (1) business uncertainty caused by Ivoclar AG's threats to assert infringement against 3M products, including the Threatened 3M Products; (2) harm to 3M's current and prospective business relationships with distributors and end users of 3M's products, including the Threatened 3M Products; and (3) harm to 3M's business reputation and good will in the market for 3M's products.

25. For a number of reasons, 3M is entitled to make, use, sell, and offer to sell the Threatened 3M Products notwithstanding Ivoclar AG's and Ivoclar, Inc.'s position with respect to the '006 Patent.

26. 3M is entitled to make, use, sell, and offer to sell the Threatened 3M Products because 3M does not and has not infringed any valid claim of the '006 Patent either literally or by the doctrine of equivalents, directly or indirectly.

27. The claims of the '006 Patent are invalid under 35 U.S.C. §§ 102, 103, and/or 112.

## COUNT ONE

### Declaratory Judgment of Non-Infringement of the '006 Patent
### 28 U.S.C. § 2201

28. 3M repeats and realleges paragraphs 1 through 27 of this complaint, as though fully set forth.

29. For the reasons set out in this complaint, an actual case and controversy exists between 3M and Ivoclar AG based on Ivoclar AG's '006 Patent and the Threatened 3M Products.

30. 3M is entitled to make, use, sell, and offer to sell the Threatened 3M Products because 3M does not and has not infringed any valid claim of the '006 Patent either literally or by the doctrine of equivalents, directly or indirectly.

31. 3M asks the Court to declare that 3M has not infringed any valid claim of the '006 Patent.

## COUNT TWO

## Declaratory Judgment of Invalidity of the '006 Patent
## 28 U.S.C. § 2201

32. 3M repeats and realleges paragraphs 1 through 27 of this complaint, as though fully set forth.

33. For the reasons set out in this complaint, an actual case and controversy exists between 3M and Ivoclar AG and Ivoclar, Inc. based on Ivoclar AG's '006 Patent and the Threatened 3M Products.

34. The claims of the '006 Patent are invalid under 35 U.S.C. §§ 102, 103, and/or 112.

35. 3M asks the Court to declare that the claims of the '006 Patent are invalid.

## PRAYER FOR RELIEF

Wherefore, 3M prays for the following relief:

A. That the Court declare and enter judgment that 3M has not infringed and does not infringe any valid claim of the '006 Patent;

B. That the Court declare and enter judgment that the claims of the '006 Patent are invalid;

C. That 3M be awarded its reasonable costs and attorneys' fees pursuant to 35 U.S.C. § 285; and

D. That the Court award 3M such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

3M demands a trial by jury of all issues triable of right by jury.

Dated: November 30, 2011

FAEGRE & BENSON LLP

_____
David J.F. Gross, #208772
James W. Poradek, #0290488
Theodore Budd, #314778

2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, Minnesota 55402
Telephone: (612) 766-7000
Fax: (612) 766-1600
dgross@faegre.com
jporadek@faegre.com
tbudd@faegre.com

**ATTORNEYS FOR 3M COMPANY**